IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARK A. GIBSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-057 |
| | ) | |
| KAREN THOMAS, Unit Manager; FNU RILEY, S.g.t.; JERMAINE WHITE, Warden; DEPUTY WARDEN STEWART; DEPUTY WARDEN BEASLEY; TIMOTHY WARD, Commissioner; and ROBERT TOOLE, Regional Director, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I.     SCREENING OF THE COMPLAINT

####    A.     BACKGROUND

Plaintiff names as Defendants: (1) Karen Thomas, Unit Manager; (2) FNU Riley, Sergeant; (3) Jermaine White, Warden; (4) Deputy Warden Stewart; (5) Deputy Warden Beasley; (6) Timothy Ward, Commissioner; and (7) Robert Toole, Regional Director. (Doc. no.

1, pp. 1-4.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 6, 2021, Plaintiff was taking a shower when Unit Manager Thomas approached the shower, opened the flap, and instructed Plaintiff to "get out."  (Id. at 5.) Plaintiff asked Unit Manager Thomas why he was being asked to exit the shower, and Thomas told Plaintiff, "you know what [you were doing.]"  (Id.)  Unit Manager Thomas then called Sergeant Riley, and when Sergeant Riley arrived, Unit Manager Thomas told Sergeant Riley to shoot Plaintiff with his taser.  (Id.)  Even though Plaintiff was still in the shower, Sergeant Riley tased Plaintiff and then pepper sprayed him.  (Id.)  Despite being in "extreme pain," Plaintiff was not provided medical attention.  (Id.)  After the altercation, Plaintiff filed a grievance, which was referred but never resolved.  (Id. at 3-4.)  Plaintiff now asserts a claim for excessive force against Unit Manager Thomas and Sergeant Riley, seeking $50,000 in compensatory damages.  (Id. at 6.)

Additionally, Plaintiff resides in the C-2 dormitory, which is supervised from the C-building control booth.  (Id. at 5.)  Despite recent inmate-on-inmate violence and medical emergencies, the control booth is not staffed in accordance with Georgia Department of Corrections Standard Operating Policy ("GDC SOP").  (Id. at 5-7.)  As a result, the inmates housed in the C-2 dormitory only have contact with prison staff for "a total of 20 minutes each day."  (Id. at 7.)  Because of the lack of supervision, Plaintiff believes his life is in imminent danger causing him "significant psychological harm."  (Id. at 7.)  Plaintiff filed a grievance and appeal, but the appeal was denied.  (Id. at 3-4.)  Plaintiff now seeks $50,000 in compensatory damages against Deputy Warden Stewart, Deputy Warden Beasley, Warden White,

Commissioner Ward, and Regional Director Toole ("TSP officials").  (Id. at 6.)  Additionally, Plaintiff seeks an injunction against the TSP officials ordering the control booth to be staffed in accordance with GDC SOP.  (Id.)  Alternatively, if the control booth cannot be staffed in accordance with GDC SOP, Plaintiff seeks an injunction against the TSP officials ordering the C-Building to be closed.  (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure

3

does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants for Violating SOP and GDC Policies and Procedures

Plaintiff generally alleges Defendants violated GDC SOP by failing to staff the control booth. (Doc. no. 1, pp. 5-7.) An allegation of non-compliance with a prison or jail regulation by prison and jail officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and "such regulations are not designed to confer rights on inmates); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more,

4

simply does not state a claim for deprivation of a constitutional right."), adopted by, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendants based on any alleged violation of polices and procedures.

### 3. Plaintiff Fails to State a Claim for Deliberate Indifference to His Safety

Plaintiff alleges prison officials have forgone their responsibilities to supervise inmates, resulting in a dangerous and hostile environment at TSP. Plaintiff states he suffers severe psychological stress from being in constant fear of danger. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer, 511 U.S. at 828. Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).[1] When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.
>
> Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (internal

citations and quotations omitted).

Here, Plaintiff alleges that TSP officials have failed to protect him because they did

6

not adequately staff the control booth despite knowledge of violence in the C-2 dormitory. (Doc. no. 1, pp. 5-7.) However, Plaintiff does not allege that he was ever threatened or physically assaulted. Therefore, Plaintiff's allegations fail to establish that any officer was aware Plaintiff was at substantial risk of attack or deliberately indifferent to a substantial risk of serious harm to Plaintiff.

Furthermore, while Plaintiff complains about the lack of security and supervision, in the absence of a particularized threat of an attack, there is no failure to protect claim. See McBride v. Rivers, 170 F. App'x 648, 655 (11th Cir. 2006) (holding plaintiff must allege specific and particularized threat of harm not generalized fear or problems); Carter v. Galloway, 352 F.3d 1346, 1349-1350 (11th Cir. 2003) (same).

### 4. Plaintiff Fails to State a Valid Claim For Conditions of Confinement Based on His Allegations of Limited Access to Security and Health Care

"[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "An excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm," and "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014). However, "inmates cannot expect the amenities, conveniences and services of a good hotel." Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (*per curiam*).

Challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*); Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

Here, Plaintiff has not shown that the alleged inmate assaults and medical emergencies rise to the level of violating contemporary standards of decency. "[O]ccasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment, [but] confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014). In the complaint, Plaintiff alleges that there

8

have been multiple inmate assaults and medical emergencies but does not provide any detail about the number, severity, or frequency of these episodes. (Doc. no. 1, p. 7.) The bare allegation that inmate assaults and medical emergencies occurred at TSP is hardly sufficient to demonstrate violence and terror reigned. See Rhiner v. Sec'y, Fla. Dept. of Corrs., 817 F. A'ppx 769, 776 (11th Cir. 2020) (finding ten incidents occurring over two years fails to constitute a substantial risk of serious harm); Harrison, 746 F.3d at 1300 (finding thirty-three incidents across three years failed to demonstrate violence and terror reigned).

Plaintiff's allegation that TSP officials failed to staff the control booth does not change the outcome. The Eleventh Circuit has noted "the Eighth Amendment does not require the uninterrupted personal supervision of all inmates." Estate of Owens v. GEO Group, Inc., 660 F. App'x 763, 773 (11th Cir. 2016); see also Purcell v. Toombs County, 400 F.3d 1313, 1323 n.23 ("The Constitution does not require that every inmate in a jail be observed by a guard every twenty minutes."); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (evidence that jailer failed to check on group cell during hour between last check and beating was not sufficient to show deliberate indifference). Therefore, Plaintiff fails to state a valid Eighth Amendment claim based on the prison's security measures.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Deputy Warden Stewart, Deputy Warden Beasley, Warden White, Commissioner Ward, and Regional Director Toole be **DISMISSED** from this case, Plaintiff's claims against Unit Manager Thomas and Sergeant Riley in their official capacities be **DISMISSED,** and Plaintiff's claims based on GDC SOP violations, for failure to protect, and for conditions of

confinement be **DISMISSED** for failure to state a claim upon which relief may be granted. In a companion Order, the Court has allowed to proceed Plaintiff's § 1983 claim for excessive force against Unit Manager Thomas and Sergeant Riley in their individual capacities.

SO REPORTED and RECOMMENDED this 27th day of January, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA