IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARK A. GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-057 |
| | ) | |
| KAREN THOMAS, Unit Manager, and FNU RILEY, S.g.t., | ) ) | |
| | ) | |
| Defendants. | ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, commenced the above-captioned civil rights case *pro se* and is proceeding *in forma pauperis* ("IFP"). Before the Court is Defendants' motion to dismiss. (Doc. no. 23.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendants' motion to dismiss be **GRANTED**, this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

On May 9, 2022, Defendant Karen Thomas filed a motion to compel Plaintiff to respond to Defendant Thomas's First Interrogatories and First Requests for Production of Documents. (Doc. no. 21.) Defendant Thomas first served these discovery requests on April 1, 2022, making Plaintiff's responses due May 2, 2022. (Id. at 1; doc. no. 22.) After receiving no response, Defendant Thomas filed her motion to compel, which Plaintiff similarly failed to respond to. (Doc. no. 21.) On June 1, 2022, the Court granted Defendant Thomas's motion to compel and ordered Plaintiff to serve his responses to all of Defendant Thomas's

outstanding discovery requests on or before June 14, 2022.  (Doc. no. 22.)  The Court warned Plaintiff failure to comply would constitute contempt and be punishable by sanctions up to and including dismissal with prejudice of this civil action.  (Id.); see Fed. R. Civ. P. 37 (b)(2)(v) and 41 (b).  The Court also ordered Defendant Thomas to file a certification for the record within two days of receiving Plaintiff's discovery responses.  (Doc. no. 22, p. 2.)

On June 15, 2022, Defendants filed the present motion to dismiss requesting the Court dismiss this case with prejudice because Plaintiff did not serve his responses to Defendant Thomas's discovery requests as ordered by the Court's June 1st Order.  (Doc. no. 23.)  Defendants assert Plaintiff failed to respond to Defendant Thomas's outstanding discovery requests despite the Court's Order.  (Id.)  Plaintiff has yet to respond to Defendants' motion.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the

2

litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff failed to comply with the Court's June 1st Order directing him to serve his responses to the Court's discovery responses. Plaintiff was warned in the Court's June 1st Order that failure to comply could result in dismissal of his case. Further, Plaintiff has not filed anything in this case since April 20, 2022. (See doc. no. 20.) Plaintiff's conduct in this case is precisely the type of neglect contemplated by the Local Rules. The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP. Therefore, dismissal is warranted under Loc. R. 41.1 for want of prosecution.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice.

Therefore, the Court **REPORTS** and **RECOMMENDS** Defendants' motion to dismiss be **GRANTED**, (doc. no. 23), and the case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of July, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3